**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

-----------------------------------------------------------------X
MUND & FESTER GMBH & CO KG a/s/o Sociedad
Agricola Drokasa S.A. and Global Fruit Point GmbH,

       Plaintiff,

- against -                 **COMPLAINT**

UNITED AIRLINES INC., trading as "UNITED",

       Defendant.
-----------------------------------------------------------------X

Plaintiff, MUND & FESTER GMBH & CO KG a/s/o Sociedad Agricola Drokasa S.A. and

Global Fruit Point GmbH, by and through its attorneys, Leahy, Eisenberg and Fraenkel, Ltd., as

and for its Complaint against the Defendant alleges upon information and belief as follows:

1.      This action arises out of the Montreal Convention, a Treaty to which the United

States is a signatory, and Article 18 thereof which provides an international air carrier is liable for

damage sustained in the event of the destruction or loss of or damage to cargo during the carriage

by air. The Court has jurisdiction pursuant to 28 USC § 1331.

2.  At all material times Defendant was present within the jurisdiction of this Honorable

Court and transaction referred to hereinafter occurred with the jurisdiction of this Honorable Court.

3.     At all material times, MUND & FESTER GMBH & CO KG. (hereinafter "M&F"

or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign

state with an office and place of business located at Trostbrucke 1, Hamburg 20457 Germany, and is subrogated underwriter of the consignments of Fresh Asparagus, as more fully described below.

4. At all material times, Defendant, UNITED AIRLINES INC., trading as "UNITED" (hereinafter "UNITED" or "Defendant"), is a corporation with an office and place of business located at 233 South Wacker Drive. Chicago, IL 60606, and at all relevant times was and is doing business as an international carrier of merchandise by air within the jurisdiction of this Honorable Court.

5. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

## RELEVANT FACTS

6. This is a claim for damages to a consignment consisting of 760 corrugated plastic boxes Peruvian asparagus on 6 pallets which were delivered to the Defendant in good order and condition to be carried as an international air carrier from Lima, Peru to Amsterdam, The Netherlands, pursuant to air waybill number 016-3193 8141 dated October 14, 2019.

7. The consignment was delivered to Defendant, United, on or around October 14, 2019 at 18:37 hours and was scheduled to be transported by United on the same day, under the aforementioned air waybill issued with the instructions "Perishable…Top…Urgent… Keep…On…Refrigeration…".

8. The shipment arrived at Houston, TX, at 07:04 hrs. October 15, 2019, and departed Houston, TX, on board flight no. UA0020 at 16:55 hrs. October 15, 2019, arriving in Schiphol airport, Amsterdam on 16 October 2018 at 09:40 hrs. On 17 October 2019, the

consignment was delivered to the premises of Messrs. Logistic Business Partners B.V. in Maasdijk.

9. When the cargo was delivered to the consignee on October 17, 2019, it was determined the consignment had been exposed to significantly increased temperatures resulting in the shipment showing severe decay and damages conditions as well as emanating a strong odor resulting from rots/waste to the shipment. The asparagus presented a very short storage potential and attempts were made to sell the damaged product at a distressed sale and for lesser than market values. In short, the cargo had been damaged by temperature and heat distress due to improper handling and care during the air transportation while in the care, custody, and control of the Defendant UNITED.

10. The product was sold at a depreciated price due to the stressed condition of the Fresh Asparagus, for which plaintiff's assureds, Sociedad Agricola Drokasa S.A. and Global Fruit Point GmbH, suffered damages in the amount of $8,343.24, consisting of €19,00 per carton i.e. for 760 cartons amounting to €14.440,00, salvage proceeds obtained: €15,40 per carton i.e. for 373 cartons amounting to €5.744,20, and €1,80 per carton i.e. for 387 cartons amounting to €696,60, for total damages incurred in the total amount of €7.999,20, or the equivalent in USD$ based upon the current exchange rate, which is reported to be USD $9,199.08.

11. The damage to the cargo was not the result of any act or omission on the part of the Plaintiff or its assureds but, to the contrary, was due solely as a result of the negligence, fault, neglect, breach of contract of carriage, and breach of bailment on the part of Defendant and/or its agents.

12. In accordance with the provisions of the Montreal Convention, written notice of the loss was provided to Defendant, United, within the time set forth in the Convention.

13.     At all times relevant hereto, a contract of insurance for property damage was in effect between plaintiff's assureds, Sociedad Agricola Drokasa S.A. and Global Fruit Point GmbH, and M&F, which provided coverage for, among other things, loss or damage to the subject consignment.

14.     Pursuant to the aforementioned contract of insurance between plaintiff's assureds, Sociedad Agricola Drokasa S.A. and Global Fruit Point GmbH, and M&F, monies have been expended on behalf of plaintiff's assureds, Sociedad Agricola Drokasa S.A. and Global Fruit Point GmbH, to the detriment of M&F due to the damages sustained to the cargo during transit.

15.     The Defendant is liable to the cargo owner pursuant to Article 18 of the Montreal Convention for damage and loss caused to the subject shipment which occurred during the course of air carriage.

16.     As M&F has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the Defendant, M&F has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages against the Defendant in an amount no less than $9,199.08.

### AS AND FOR A FIRST CAUSE OF ACTION: BREACH OF CONTRACT

17.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" to "16", inclusive, as if set forth at length herein.

18.     Defendant, its agents, servants and/or employees, issued the air waybill No. 016-3193 8141 dated October 14, 2019, in connection with their agreement to carry and/or to arrange for the transportation of both shipments from Lima, Peru to Amsterdam, The Netherlands.

19.     Pursuant to the contracts entered into between the parties, Defendant owed a contractual and statutory duty to the Plaintiff to carry, bail, and care for, protect and deliver the

Plaintiff assureds' cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

20.     Defendant breached its contractual and statutory duties by failing to properly care for, bail and protect the Plaintiff assureds' cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

21.     While in the exclusive care, custody and control of Defendants, the cargo was damaged at some point in time during its carriage between Lima, Peru, and Amsterdam, The Netherlands. Defendant's failure to exercise reasonable care to prevent the cargo from being damaged was a breach of its duties and obligation under the aforementioned air waybills.

22.      As a direct and proximate result of said breaches of contract by Defendant, Plaintiff has suffered damages in the amount presently estimated to be no less than $9,199.08.

23.     The Defendant is liable to the cargo owner pursuant to Article 18 of the Montreal Convention for damage and loss caused to the subject shipment which occurred during the course of air carriage.

24.     By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $9,199.08.

## AS AND FOR A SECOND CAUSE OF ACTION - BREACH OF BAILMENT

25.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" to "16", inclusive, as if set forth at length herein.

26.     At all material times, Defendant was charged with the exclusive care, custody, and control over the aforementioned consignment.

27. Defendant breached its duties as a bailee for hire by failing to properly carry bail, keep and care for, protect, and deliver the Plaintiff assureds' cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

28. Defendant did not deliver the shipment in the same order and condition as required and breached its duties as bailee.

29. The Defendant is liable to the cargo owner pursuant to Article 18 of the Montreal Convention for damage and loss caused to the subject shipment which occurred during the course of air carriage.

30. As a direct and proximate result of the breach of bailment by Defendant, Plaintiff has suffered damages in the approximate amount of $9,199.08.

31. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $9,199.08.

## AS AND FOR A THIRD CAUSE OF ACTION - NEGLIGENCE

32. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" to "16", inclusive, as if set forth at length herein.

33. Defendant owed a duty to the Plaintiff's assureds to carry, bail, keep and care for, protect and deliver the Plaintiff assureds' cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

34. Defendant breached and was negligent in its duty to carry, bail, keep and care for, protect and deliver the Plaintiff assureds' cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

35.     The Defendant is liable to the cargo owner pursuant to Article 18 of the Montreal Convention for damage and loss caused to the subject shipment which occurred during the course of air carriage.

36.     As a direct and proximate result of the negligence of Defendant and their agents, Plaintiff has suffered damages in the approximate amount of $9,199.08.

37.     By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $9,199.08.

**WHEREFORE,** Plaintiff prays:

1.     That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2.     That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages in the amount of at least $9,199.08, together with interest, costs and the disbursements of this action; and

3.     That this Court grant to Plaintiff such other and further relief as may be just and proper.

Respectfully Submitted,

By: */s/ Scott Wing*         
        Scott Wing
        **Leahy, Eisenberg and Fraenkel, Ltd.**
        33 West Monroe Street, Suite 1100
        Chicago, Illinois 60603
        (312) 368-4554
        Email: sw@lefltd.com